No. 14,960.

HECHT *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

ACTION.—*Survival of.*—*Personal Injuries.*—*Death of Party.*—*When Personal Representatives can not Maintain Action.*—*Sections 282 and 284, R. S. 1881 Construed.*—Where an injured party brought suit and recovered damages in his lifetime, including damages for a disease superinduced by reason of his injuries, and the judgment was paid and received by him, and his death afterwards resulted from the injury, his personal representatives can not maintain an action. Under sections 282 and 284,

Hecht *v*. The Ohio and Mississippi Railway Company.

R. S. 1881, an action may only be maintained by the personal representatives of the deceased for the wrongful act or omission of another if the deceased might have maintained an action, had he lived, for such wrongful act or omission. An action for a cause of action liquidated and satisfied can not survive in favor of any person.

SAME.—In the action brought after the death of the injured party, the parties are the same as in the action instituted in his lifetime, except that the injured party is represented by his personal representatives. The cause of action is the same, and while in minor particulars the measure of damages differs, this does not cause the action to survive. Although some items of evidence may be competent or even necessary in one case that are not in the other, and the method of proof may differ, still the action in either case is based on the negligence of the defendant in causing the same and identical injury, and the damages sustained in either case grow out of the injury caused by such negligence.

From the Jefferson Circuit Court.

*C. A. Korbly* and *W. O. Ford*, for appellant.

*W. M. Ramsey, L. Maxwell, R. Ramsey, J. McGregor* and *E. Barton*, for appellee.

OLDS, J.—Abraham Hecht, in his lifetime, received an injury on account of the negligence of the appellee company, from which injury he afterwards died. The appellant was appointed administrator of his estate and brought this action. The complaint is in one paragraph, and alleges the necessary facts to make it a good complaint under section 284, R. S. 1881. Among other facts it alleges that the injury produced Bright's disease of the kidneys, from which disease he remained sick and lingered until the 27th day of November, 1887, at which time he died of said disease in consequence of the negligence of the appellee.

The appellee answered in four paragraphs, the first and fourth afterwards being withdrawn.

The second paragraph alleged that the intestate had recovered a judgment against the defendant for his injuries in his lifetime, and that an appeal was taken from the judgment to the Supreme Court and the judgment by that court affirmed and the same had been paid.

The third set out a complete record of the proceedings and judgment in the cause prosecuted by the intestate, and in addition alleged that on the trial of said cause the intestate was permitted to show that he was suffering with Bright's disease of the kidneys, and that the same was the result of his injuries, and that said disease would probably prove fatal or at least shorten his life, and that he was suffering from other afflictions and diseases caused and superinduced by said injuries.

Separate demurrers were filed to the said second and third paragraphs of answer and overruled. Appellant refusing to plead further, judgment was rendered in favor of the appellee on demurrer. The rulings on the demurrer are assigned as error.

Section 284, *supra*, reads as follows: "Where the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages can not exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 282, R. S. 1881, provides that "A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person." The clear intention of the Legislature, as expressed by these sections, is in effect that when the injury to the person causes the death of such person the action shall survive in favor of the person in whose favor an action is given for the injury causing the death. An action for a cause of action liquidated and satisfied can not survive in favor of any person. Section 284, *supra*, provides in terms that the action

may be maintained by the personal representatives of the deceased for the wrongful act or omission of another if the deceased might have maintained an action, had he lived, for such wrongful act or omission. That is to say, if the deceased, at the time of his death, might have maintained such action, but the deceased having prosecuted to final judgment an action for such wrongful act or omission, and the judgment having been paid and received by him, he at the time of his death could not have maintained an action for such wrongful act or omission, as the right of action in his favor had merged into the judgment which was satisfied, hence no action exists in favor of the personal representatives of the deceased by virtue of the latter section. The position we have stated we think well supported by authority.

In an action by the deceased in his lifetime, he is entitled to recover full compensation for the injuries sustained, including injuries for disease superinduced by reason of the injuries.

In the case of *Ohio, etc., R. R. Co.* v. *Hecht*, 115 Ind. 443, this court says : " Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages." See authorities cited in this decision. In such an action the injured party is entitled to recover full compensation for all the injuries which were the natural consequence of the wrongful act.

It was certainly not the intention of the Legislature that where the person guilty of the wrong has been once subjected to a suit by the injured party in his lifetime, and compelled to pay all the damages resulting from the injuries sustained by the wrongful act, he should again be liable to an action in favor of the personal representatives of the injured party after his death, and be again compelled to respond in damages for the same act.

It is suggested by counsel for the appellant that the answers are not good, for the reason that the parties are not the

same; that the judgment was on a different cause of action, and that different facts will be presented in this action, and different evidence be required to sustain them. But we do not think these objections well taken. The parties are the same except that the injured party, who has died, is represented by his personal representative. It is true the statute provides that the proceeds shall go to his widow or children, or next of kin, but the administrator "stands in the shoes" of the deceased. The cause of action is the same. If the administrator recovers he must do so by reason of the same wrongful act on the part of the appellee company that enabled the intestate to recover.

It is suggested that the measure of damages is not the same, that the intestate might have recovered for suffering, loss of time, medical attendance, etc.; that the right to recover for these things died with him, and that by the statute a new cause of action is given for new injuries to other persons. By the survival of the action the right of recovery and measure of damages must necessarily be different, but the gist of the action, the principal and paramount right of recovery, is on account of the destruction of the capacity and power of the intestate to earn money and accumulate wealth for his own support and benefit, and the support and benefit of his family or next of kin.

The central and paramount thing or item for which damages may be recovered is the same whether the recovery be by the intestate in his lifetime or by his personal representative after his death. In minor particulars the measure of damages differs, but this does not warrant such a construction of the statute as contended for by counsel for appellant.

It is further urged that the former judgment is not a bar for the reason that different facts are here presented and different evidence is required to sustain the suit. While it may be true that some items of evidence may be competent or even necessary in one case that are not in the other, and the method of proof may differ, yet it remains a fact that the

action in either case is based on the negligence of the appellee causing the same and identical injury to the appellant's intestate, and the damages sustained in either case grow out of the injury to the intestate caused by the negligence of the appellee. It is contended that the section of the statute, section 284, *supra*, gives a new right of action in favor of the administrator for the benefit of the widow and children, if any, or the next of kin. This is true in a certain sense. Without the statute the action could not be maintained, but in order that it may be maintained the intestate must have had a right of action against the person whose wrongful act or omission caused the injury which he could have maintained had he lived, and when, as in this case, the injured party has prosecuted an action for damages on account of the injury to final judgment, and the judgment has been satisfied prior to his death, he, if he had lived, could not have prosecuted an action against the person causing the injury for the same act or omission.

The construction we have given to this section of the statute is well supported. In the case of *Burns* v. *Grand Rapids, etc., R. R. Co.*, 113 Ind. 169, in speaking of the right of action under this statute, the court says: "Although the right thus created is purely of statutory origin, its nature and incidents, and the conditions upon which a recovery may be had, are in no essential respect different from those which relate to an ordinary civil action to recover damages for a civil injury. * * * The recovery is not a penalty inflicted by way of punishment for the wrong, but is merely compensatory of the damages sustained by the heirs or next of kin, who had, or are supposed to have had, a pecuniary interest in the life of the intestate." *Evansville, etc., R. R. Co.* v. *Lowdermilk*, 15 Ind. 120. In *Stewart* v. *Terre Haute, etc., R. R. Co.*, 103 Ind. 44, it is held that as the right to sue is purely statutory, and in derogation of the common law, the statute must be strictly construed and a case brought clearly within its provisions to enable a plaintiff to recover.

The statutes of this State, and of some of the other States, are moulded in a measure after Lord Campbell's Act, 86 Statutes at Large, 531, 9 and 10 Vict., chapter 93, which is as follows:

"VI. (ENGLISH AUTHORITIES.).

"Section 1. Whensoever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased. And in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively, for whom and for whose benefit such action shall be brought. And the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the before mentioned parties, in such shares as the jury by their verdict shall find and direct.

"Sec. 3. *Provided,* always, that not more than one action shall lie for and in respect of the same subject-matter of complaint, and that every such action shall be commenced within twelve calendar months after the death of such deceased person."

Under this act it was held in an action against a railway company that the cause of action was the defendant's negligence, which had been satisfied in the deceased's lifetime,

and that the death of the injured party did not create a fresh cause of action. *Reed* v. *Great Eastern R. W. Co.*, L. R. 3 Q. B. 555; *Griffiths* v. *Earl of Dudley*, L. R. 9 Q. B. D. 357; *Haigh* v. *Royal Mail Steam Packet Co.*, Law Jour. (new series), Q. B. D. Vol. 52, p. 640. In the latter case it was held that the personal representatives can not maintain an action under Lord Campbell's act when the deceased, if he had survived, would not have been entitled to recover. In that case by a stipulation in the ticket, by virtue of which the deceased was being carried, the company was exempt from liability for injury resulting to the passenger.

The wording of Lord Campbell's act and the statute of this State differ somewhat, but are in effect the same. The purpose of each was to give to the personal representative of the deceased a right of action if the deceased at the instant of his death would have had a right of action for the same act or omission had he survived.

In the former it is provided in effect that if the wrongful act, neglect or default causing death is such as would, if death had not ensued, entitle the party injured to maintain an action, then the person who would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person; and the second section provides that the action shall be for the benefit of the wife, husband, parent and child of the person injured, and be brought in the name of his executor or administrator; and the third section provides that but one action shall lie for the same subject-matter of complaint, while the statute of this State provides that the action may be prosecuted in the name of the personal representative if the injured party might, if he had lived, have maintained an action for the injury caused by the wrongful act or omission of the other party, and that the damages recovered shall enure to the benefit of the widow and children, if any, or next of kin. Each act gives a right of action to the personal representative of the deceased for the wrongful

act only in cases where the injured party had a right of action at the instant of his death, which he might have maintained if he had survived.

The Court of Appeals of New York, in construing a like statute, held that when the injured party brought suit and recovered damages in his lifetime, and his death afterwards resulted from the injury, his personal representatives could not maintain an action. *Littlewood* v. *Mayor, etc.,* 89 N. Y. 24. See, also, *Hegerich* v. *Keddie,* 99 N. Y. 258.

Under a like statute in Illinois, the Supreme Court of that State held that the cause of action is the wrongful act causing the death, and not the death itself. *Holton* v. *Daily,* 106 Ill. 131.

The statute of Tennessee, section 2291 of the code, provides that "The right of action which a person, who dies from injuries, received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his personal representatives for the benefit of his widow and next of kin, free from the claims of creditors." The Supreme Court of that State held that the cause of action accrued at the date of the injury, and is the same whether brought by him during life or by his personal representatives after death. *Fowlker* v. *Nashville, etc., R. R. Co.,* 9 Heiskell, 829.

While the language of the statutes differs slightly, the purpose of each is to give to the personal representatives of the injured party the right to maintain an action for the wrongful act or omission causing the injury, against the party guilty of the wrong, and is, in effect, but declaring that the cause of action shall survive and be maintained by the personal representatives for the benefit of the parties named in the act. The action is bottomed on the same wrongful act of the wrong-doer, whether it be prosecuted by the injured party

in his lifetime or by his personal representatives after his death.

The Supreme Court of Vermont, in *Legg* v. *Britton*, 24 At. Rep. 1016, held that where the injured party had commenced suit in his lifetime, and then died, and by virtue of a statute of that State, his administrator prosecuted the cause to final judgment, it was a bar to another action under a statute practically the same as Lord Campbell's Act and the statute of this State.

As we have heretofore said, it was certainly not the intention of the Legislature to subject the party guilty of the wrongful act or omission resulting in an injury to another to a second action for such act after the injured party had prosecuted to judgment one action in his lifetime, and recovered full compensation for the injuries inflicted, and which would bar him personally from maintaining any further action on account of the same injury, for the act, as we construe it, clearly declares that the personal representatives of the injured party, where death ensues, may maintain the action only in case the injured party might, at the instant of his death, have maintained the action if he had lived.

In this case the injured party at the time of his death could not have maintained an action for the same act or omission had he lived, hence there is no right of action given to his personal representatives by the statute.

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed, with costs.

**Filed Oct. 27, 1892.**