NESTELLE v. NORTHERN PAC. R. CO.

(Circuit Court, D. Washington, W. D. June 5, 1893.)

LIMITATION OF ACTIONS—RUNNING OF STATUTE—DEATH BY WRONGFUL ACT.

The statute of limitations begins to run against the statutory right of action for an injury resulting in death only at the time the death occurs, although that event takes place long after the time of receiving the injury.

At Law. Action by L. W. Nestelle, as administrator of his wife's estate, against the Northern Pacific Railroad Company, to recover damages for her death. Demurrer to complaint overruled.

Carroll, Palmer & Palmer, for plaintiff.
Ashton & Chapman, for defendant.

HANFORD, District Judge. The plaintiff, as administrator of the estate of his deceased wife, prosecutes this action to recover damages for an injury to her, causing her death, which happened while she was traveling as a passenger on the defendant's railroad, and which injury the complaint alleges to have resulted from negligence in the management and operation of said railroad. The injury was suffered more than three years before the action was commenced, and the defendant contends that the action is therefore barred by the statute of limitations of this state, although it was commenced within one year from the death of the intestate, and on this ground has demurred to the complaint.

The attorney for the defendant has argued, with ingenuity and force, that the wrongful act for which damages may be recovered by an action at law is the ground of the defendant's liability in every such case, and that the right of action must be deemed to have accrued, and that the statute of limitations commences to run, immediately upon the happening of an injury. But I think that the argument is based upon false premises. A wrong and a resulting injury—two distinct elements—are both essential to a complete case. A right of action ex delicto does not accrue to an individual in his own right, or to him in a representative character, until an injury has resulted from a wrong to him in the character in which he may be entitled to sue. Now, coming directly to the case in hand, it is to be observed that it is a statutory action, differing from an ordinary action ex delicto in this: that the death of a person, resulting from a wrong, is a necessary element, and until the death of Mrs. Nestelle this cause of action had not accrued in favor of her legal representative. Mason v. Railway Co., (Utah,) 24 Pac. Rep. 796. In my opinion it is not material at this stage of the case whether, if a judgment had been rendered during the lifetime of Mrs. Nestelle, in an action for the same injury, it would or would not bar this action. The statute gives an action to the legal representatives of the deceased to recover damages for her death, if the same was caused by the defendant's negligence, (2 Hill's Code, § 138,) without limiting the time for commencing the same, otherwise than as provided in 2 Hill's Code, § 120, which reads as follows: "An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

Demurrer overruled.