## WILSON *v.* JACKSON HILL COAL AND COKE COMPANY.

### [No. 7,629.  Filed June 23, 1911.]

1. LIMITATION OF ACTIONS.—*Coal Mines.—Mortal Injury to Miner. —Accrual of Right of Action to Widow and Children.—Time of.* —Under §8597 Burns 1908, Acts 1907 p. 253, providing that "for any injury to person or persons  *  *  *  occasioned by any violation of this [mining] act,  *  *  *  a right of action shall accrue to the party injured  *  *  *  and in case of loss of life, by reason of such violation, a right of action shall accrue; first, to the widow, if any"; and if none, then to other dependents, an action by a widow for the negligent killing of her husband in violation of the mining law, brought within two years after his death, is not barred by the statute of limitations, though he lived three years after he sustained the injury, but filed no action therefor.  pp. 151, 154.

2. STATUTES.—*Construction.*—*In Pari Materia.*—All statutes on the same subject-matter should be construed *in pari materia;* and where a statute is in derogation of the common law no exceptions not contained therein will be allowed. p. 152.

3. ACTION.—*Death.*—*Abatement and Revival.*—The act of 1907 (Acts 1907 p. 253, §8597 Burns 1908), amending the act of 1905 (Acts 1905 p. 65), providing that for the death of a husband, occasioned by the violation of any of the provisions of said act regulating coal mines, his widow, or children, shall have "a right of action," creates a new and independent right of action in favor of such wife and children. p. 153.

4. ABATEMENT.—*Action.*—*Death.*—*Damages.*—At the common law an action for personal injuries abated with the death of the injured person. p. 153.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Rosa N. Wilson against the Jackson Hill Coal and Coke Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*William L. Slinkard,* for appellant.

*Bays & Bays,* for appellee.

ADAMS, J.—Appellant, as the widow of James P. Wilson, brought this action against appellee for damages accruing to her and her three children, on account of the death of her husband, who, as shown by the averments of the complaint, was injured through the fault and negligence of appellee on October 3, 1904, and survived until March 7, 1907, when, on account of said injuries, he died.

The complaint is in one paragraph, and as no question is raised as to the sufficiency of the allegations of duty, negligence, injury and damages, as set out therein, a more extended statement of the facts averred in the complaint is unnecessary.

The appellee filed its demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, and upon appellant's refusing to plead further, and electing to abide by her exception to the ruling

of the court, the judgment was rendered against her for costs.

The only error relied on by appellant for reversal is that the court erred in sustaining appellee's demurrer to appellant's complaint; and the only question argued by either side, in the presentation of this appeal, is whether the action of appellant was barred by the statute of limitations.

Appellee insists that as the complaint shows on its face that appellant's husband lived for more than two years after receiving the injuries complained of, no right of action arose in favor of the widow.

The suit was brought under §8597 Burns 1908, Acts 1907 p. 253, which reads as follows: "For any injury to person or persons or property occasioned by the violation of this act, or any wilful failure to comply with any of its provisions, a right of action against the operator shall accrue to the party injured for the direct injury sustained thereby; and in case of loss of life, by reason of such violation, a right of action shall accrue; first, to the widow," etc.

It is urged by appellee that §8597, *supra,* must be construed in connection with §285 Burns 1908, Acts 1899 p. 405, which is as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages cannot exceed ten thousand dollars; and must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

We agree with appellee that all statutes of this State on the subject of death by wrongful act are *in pari materia,* and must be construed together. *Elliott* v. *Brazil Block Coal Co.* (1900), 25 Ind. App. 592. In this

case it was held that the right of action for death by wrongful act abrogates the common-law rule, and cannot exist in the absence of an express statute; and where a statute confers such right, it will admit of no exceptions not contained therein.

In the case of *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412, it is held that §285, *supra,* creates a new and independent right of action, and does not continue to the personal representatives of decedent any right or cause of action vested in decedent; that the right provided by said section must rest upon the same wrongful act or omission giving decedent a right of action, and that if the decedent did not nor could not avail himself of it such statute, upon his death from such cause, gives an action for the same cause to his representatives for the use of his widow and children.

It is also established by the case of *Hecht* v. *Ohio, etc., R. Co.* (1892), 132 Ind. 507, that where the injured party brought suit and recovered damages during his lifetime, including the damages for a disease superinduced by reason of his injuries, and the amount of the judgment was received by the injured party, who afterwards died from causes growing out of his injuries, no cause of action would arise in favor of his personal representatives after his death. There are some decisions out of harmony with this holding, but we think the great weight of authority is with the principle announced in this case. *Dibble* v. *New York, etc., R. Co.* (1857), 25 Barb. 183; *Whitford* v. *Panama R. Co.* (1861), 23 N. Y. 465; *Littlewood* v. *Mayor, etc.* (1882), 89 N. Y. 24, 42 Am. Rep. 271; *Read* v. *Great Eastern R. Co.* (1868), L. R. 3 Q. B. 555.

None of these cases, however, reaches the point made in this case. Section 285, *supra,* gives a right of action to the personal representatives of decedent, where the decedent might have maintained an action for the same act or omission, had he lived. The right to recover

damages for the negligent act or omission of another is a common-law right in the person injured, but there is no common-law right of action for the death of a human being, the right of action abating upon the death of the party injured, under the maxim *actio personalis moritur cum persona.*

Lord Ellenborough, in the case of *Baker* v. *Bolton* (1808), 1 Camp. 493, laid down his famous proposition, that "in a civil court, the death of a human being could not be complained of as an injury." This rule of the common law was so harsh that it was abrogated in England in 1846, by the enactment of what is commonly known as "Lord Campbell's act," which, in a more or less modified form, has been enacted in practically all of the states of the Union. The right of personal representatives to maintain an action for the death of a person by the wrongful act or omission of another, was, in the original act, made conditional that the cause of action should be one that the decedent might have maintained had he lived. Our act does not widely differ from the original act, which was early construed in England, and held that the right of action conferred was not the same as that which the decedent would himself have had at common law, had he survived, but was a new and independent action, given by virtue of the statute. *Seward* v. *Owner of the Vera Cruz* (1884), 10 App. Cas. 59; *Pym* v. *Great Northern R. Co.* (1863), 4 B. & S. 396.

The Indiana cases have followed this construction, and in *Jeffersonville R. Co.* v. *Swayne's Admr.* (1866), 26 Ind. 477, 484, the court said: "The statute does not profess to revive the cause of action for the injury to the deceased in favor of his personal representative, nor is such its legal effect, but it creates a new cause of action, unknown to the common law. The action given by the statute is for causing the death, by a wrongful act or omission, in a case where the deceased might have maintained an action had he lived,

for an injury by the same act of omission. The right of compensation for the bodily injury of the deceased, which died with him, remains extinct. The right of action created by the statute is founded on a new grievance, namely, causing the death, and is for the injury sustained thereby, by the widow and children, or next of kin of the deceased, for the damages must inure to their exclusive benefit.''

The only question before us is, Does the fact, shown by the complaint, that appellant's husband lived more than two years after his injury, bar the right of appellant to recover? In passing upon this question, we are not directly aided by any of the cases determined in this State, and must look to the adjudicated cases in other jurisdictions, and these cases are not in entire harmony.

The general principle, as laid down in 8 Am. and Eng. Ency. Law (2d ed.) 877, is that ''where the statute follows Lord Campbell's act, the right of action conferred is for the wrongful death and is based thereon, and the fact that the decedent's right of action for personal injury had become barred will not affect the right of action conferred by the statute upon his survivors, unless there is some provision in the statute requiring the contrary.''

In the case of Hoover's Admx. v. Chesapeake, etc., R. Co. (1899), 46 W. Va. 268, 33 S. E. 224, the court said: ''The first clause of the section, 'whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof,' plainly relates to the character of the injury, without regard to the question of the time of suit or death. In other words, if the character of injury is such that the injured party could have at any time maintained a suit in relation thereto, his administrator could sue after his death. His cause of action is the negligent injury, but the administrator can have no cause of action until such negligent injury results in

death. If such were not the case, why not provide merely that the decedent's cause of action survive to his personal representative, without making the death, coupled with the negligence that occasioned it, a new cause of action? And why not give the damages recovered to his estate, instead of exempting them from his debts and liabilities? The second clause of the section, 'then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured,' does not refer to liability after time of the death of the party, but is descriptive of the person made subject to such liability. Who would have been liable if death had not ensued, means liable at any time prior to the time of death, and not just at that period."

In the case of *Western, etc., R. Co.* v. *Bass* (1898), 104 Ga. 390, 30 S. E. 874, appellee sought to recover damages for the negligent killing of her husband, who was an engineer in the employ of appellant company. He was injured in 1891 and died in 1896. In that state, as in this, ·the right of action by decedent, for his own injury, was limited to two years from the date of his injury, and the question of limitation was raised by the defendant on demurrer. After stating the facts, the court said: "It is clear, therefore, that the statute of limitations which began to run against the husband from the date his right of action accrued, namely, the time the injuries were inflicted, could not be pleaded against the plaintiff in a suit for his homicide, alleged to have been caused by the .same injuries: because she had no right of action until her husband died, and the statute could not run against a right of action before it came into existence. What we now rule is evidently not in conflict with the adjudications of this court to the effect that, where the widow sues for the homicide of her husband, the defendant may set up any defense which might

have been pleaded to the merits of the issue, if a suit had been brought by the husband for injuries to his person."

In *Nestelle* v. *Northern Pac. R. Co.* (1893), 56 Fed. 261, the action was by the administrator to recover damages for an injury causing the death of his wife. The injury was suffered more than three years before the action was commenced, and it was insisted by defendant that the action was barred by the statute' of limitations, and upon that ground a demurrer was filed to the complaint. The court said: "Coming directly to the case in hand, it is to be observed that it is a statutory action, differing from an ordinary action *ex delicto,* in this: that the death of a person, resulting from a wrong, is a necessary element, and until the death of Mrs. Nestelle this cause of action had not accrued in favor of her legal representative. * * * In my opinion it is not material at this stage of the case whether, if a judgment had been rendered during the lifetime of Mrs. Nestelle, in an action for the same injury, it would or would not bar this action. The statute gives an action to the legal representatives of the deceased to recover damages for her death, if the same was caused by the defendant's negligence, * * * without limiting the time for commencing the same, otherwise than as provided in 2 Hill's Code §120, which reads as follows: 'An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued.' "

In the case of *Louisville, etc., R. Co.* v. *Clarke* (1894), 152 U. S. 230, 14 Sup. Ct. 579, 38 L. Ed. 422, the Supreme Court of the United States construed the'identical section of the statute under consideration. In that case the injury was received on November 25, 1886, resulting in the death of plaintiff's decedent on February 23, 1888. The defendant in that case demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of

action, contending that as the death did not occur until after the expiration of a year and a day from the infliction of the injury, such death could not in law be held to have been caused by the act of the defendant. The opinion of the court was delivered by Mr. Justice Harlan, who said: "The statute, in express words, gives the personal representative two years within which to sue. He cannot sue until the cause of action accrues, and the cause of action given by the statute for the exclusive benefit of the widow and children or next of kin cannot accrue until the person injured dies. Until the death of the person injured, the 'new grievance' upon which the action is founded does not exist. To say, therefore, that where the person injured died one year and two days after being injured, no action can be maintained by the personal representative, is to go in the face of the statute, which makes no distinction between cases where death occurs within less than a year and a day from the injury, and where it does not occur until after the expiration of one year and a day. Although the evidence may show, beyond all dispute, that the death was caused by the wrongful act or omission of the defendant, and although the action by the personal representative was brought within two years after the death, yet, according to the argument of learned counsel, the action cannot be maintained if the deceased happened to survive his injuries for a year and a day. We cannot assent to this view. Was the death, in fact, caused by the wrongful act or omission of the defendant? That is the vital inquiry in each case. The statute imposes no other condition upon the right to sue. The court has no authority to impose an additional or different one. If death was so caused, then the personal representative may sue at any time within two years from such death."

This construction of the act is decisive of the question presented by this appeal. If the only condition imposed by the statute upon the right to sue is that death was caused

by the wrongful act or omission of the appellee, then the court below erred in holding that the action was barred by the operation of the statute of limitations against the decedent in his lifetime.

A case frequently cited in opposition to the view here expressed, is that of *Fowlkes* v. *Nashville, etc., R. Co.* (1872), 65 Tenn. 829, in which it is held that the cause of action accrues at the time of the wrongful act or omission, and the statute of limitations begins to run at that time. An examination of this case, however, discloses a section of the code of Tennessee that provides that the right of action in a person injured by the wrongful act or omission of another shall not be extinguished by the death of the injured person, but shall pass to his personal representatives for the benefit of his widow and next of kin. Under this statute it is clear that no new cause of action arises upon the death of the injured person, and the case is not in point.

Another case frequently cited, to the same effect and directly in point, is the *Canadian Pac. R. Co.* v. *Robinson* (1891), 19 Can. Sup. Ct. 292, 54 Am. and Eng. R. Cas. 49, in which it is held that where death ensues from the wrongful act or omission of another, the right of action depends not only on the character of the act from which death ensues, but upon the condition of the decedent's claim at the time of his death. If the claim was in such condition that he could not then have enforced it, had death not ensued, the statute gives to the personal representative no right of action, and creates no liability whatever against the person inflicting the injury. By special leave, an appeal was taken to the House of Lords, where the judgment of the supreme court of Canada was reversed. *Robinson* v. *Canadian Pac. R. Co.*, [1892] A. C. 481. The holding of the Privy Council was that death is the foundation of the right given by statute, which is governed by the rule of limitation contained therein, and is exempt from the rule of limitation which barred the claim of decedent.

In view of the authorities herein cited, we are constrained to hold that the trial court erred in sustaining the demurrer to the complaint. The judgment is therefore reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Hottel, J., did not participate.