## GERMAN AMERICAN TRUST COMPANY, ADMINISTRATOR, *v.* LAFAYETTE BOX BOARD AND PAPER COMPANY.

[No. 7,712. Filed June 19, 1912. Rehearing denied December 13, 1912. Transfer denied January 23, 1913.]

1.    DEATH. — *Action.* — *Limitation.*—*Statutes.*—Under §285 Burns 1908, Acts 1889 p. 405, providing that when the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she lived, against the latter for an injury for the same act or omission, and providing that such action shall be commenced within two years, death is the foundation of the right given by the statute, and an action for death under such statute is not affected by the fact that the right of action for the injury in favor of decedent was barred before his death, but is governed by the rule of limitation therein contained.    p. 213.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by the German American Trust Company, administrator of the estate of John Hall, deceased, against the Lafayette Box Board and Paper Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Charles E. Thompson, Hanna & Hall* and *Wilson & Quinn,* for appellant.

*Kumler & Gaylor, William A. Ketcham* and *Howe S. Landers,* for appellee.

ADAMS, P. J.—The determination of this appeal involves the construction of §285 Burns 1908, Acts 1889 p. 405, which reads as follows: "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. The action shall be commenced within two years. The damages cannot exceed ten thousand dollars; and must inure to the exclusive benefit of the widow, or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Appellant, as the personal representative of John Hall, decedent, brought this action on May 23, 1908, against appellee, to recover damages for the death of said Hall, which death, it is averred, was caused by the fault and negligence of appellee. The complaint discloses that appellant's decedent was injured on December 5, 1905, and died from his injuries on March 14, 1908. Appellee demurred to the complaint for want of sufficient facts, which demurrer the court sustained. Appellant refusing to plead over and electing to abide by its complaint and exception to the ruling of the court in sustaining the demurrer thereto, final judgment was rendered that appellant take nothing by its action and that appellee recover its costs.

The only error assigned is that the court erred in sustaining the demurrer of appellee to appellant's complaint. The evident theory on which the trial court held the complaint insufficient was that as the complaint affirmatively shows an interval of more than two years from the time decedent was injured until his death, he had no right to maintain an action immediately prior to his death for his own injuries, and, therefore, no right of action arose in favor of his personal representatives after his death.

It may be admitted that §285, *supra,* is the only authority in this State by which the personal representatives of a decedent may bring an action for death by the wrongful act or omission of another. It may also be admitted that in this case decedent's right to maintain an action for his injuries was barred by the statute of limitation after December 5, 1907, and that a right of action for personal injuries by the wrongful act or omission of another is one that does not survive, under the rule *actio personalis moritur cum persona.* But is this right to maintain an action, conferred by §285, *supra,* on personal representatives, the same right possessed by the decedent, or a new right conferred by statute for the benefit of the persons named and described therein? This is the single question presented by the record before us, and it is not now an open question in Indiana.

In *Wilson* v. *Jackson Hill Coal, etc., Co.* (1911), 48 Ind. App. 150, 95 N. E. 589, this court reviewed the history of §285, *supra,* which is a substantial reënactment of

1. the Lord Campbell act of 1846, and the English and American decisions construing the same. Our holding then was and now is that death is the foundation of the right given by statute; that it is governed by the rule of limitation therein contained, and is exempt from the rule of limitation which barred the claim of the decedent. This action having been brought within two years from the death of John Hall, the complaint cannot be challenged success-

fully because the right of decedent to maintain an action for his injuries was barred at the time of his death.

For error in sustaining the demurrer to the complaint, the judgment is reversed, and the cause remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings in consonance with this opinion.

NOTE.—Reported in 98 N. E. 874. See, also, 13 Cyc. 339. For a discussion of the commencement of the running of the statute of limitations against an action for death by wrongful act, see 17 Ann. Cas. 519.