## CURRY, GUARDIAN, *v.* CITY OF EVANSVILLE.

[No. 8,290.   Filed April 24, 1914.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Where it appears from appellant's brief that a number of errors are relied on for reversal, but under "points and authorities" merely abstract legal propositions are stated without any reference or statement disclosing to which of the alleged errors they apply, no question is presented for review. p. 143.

From Vanderburgh Circuit Court; *John W. Spencer,* Judge.

Action by Clifford T. Curry, as guardian of Jourdan G. Winfrey, a person of unsound mind, against the City of Evansville. From a judgment for defendant, the plaintiff appeals. *Appeal dismissed.*

*C. T. Curry* and *Edgar Durre,* for appellant.

*George A. Cunningham* and *Daniel H. Ortmeyer* for appellee.

HOTTEL, J.—This is an action brought by appellant against appellee to recover the salary alleged to be due the ward as judge of the city court.

Under the heading "errors relied upon for reversal," appellant in his brief sets out five "assigned errors". Under his "points and authorities" he nowhere mentions or refers to either of the rulings so assigned or relied on as error; but only states abstract legal propositions which may have some application to one or more of the rulings, or to the questions intended to be presented by the assigned errors predicated thereon. This is not a compliance with clause 5 of Rule 22 of this and the Supreme Court. Such "abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question." *Chicago, etc., R. Co.* v. *Dinius* (1913), 180 Ind. 596 103 N. E. 652.   See, also,

*Kaufman* v. *Alexander* (1913), 180 Ind. 670, 103 N. E. 481; *Leach* v. *State* (1912), 177 Ind. 234, 240, 97 N. E. 792, and cases cited.   The brief fails in other respects to comply with the rules of the court, but the infirmity indicated under the authorities, *supra,* is sufficient to prevent a consideration of either of the errors relied on for reversal.   No question being presented for our consideration the appeal is dismissed.

NOTE.—Reported in 104 N. E. 978.   See, also, 2 Cyc. 1017.