## GOLDING, ADMINISTRATOR, *v.* TOWN OF KNOX.

[No. 8,600. Filed April 24, 1914.]

1. DEATH.—*Action.*—*Right of Action.*—An Administrator can not maintain an action under §285 Burns 1914, Acts 1899 p. 405, to recover for the wrongful death of his decedent, where, during decedent's lifetime, the decedent prosecuted an action for damages for the injuries and recovered damages for such injuries, including the permanent effects induced, since such recovery exhausts any right of action on the part of the decedent, and under the statute a personal representative can only maintain the action when the decedent might have maintained it had he or she lived. p. 150.

From Starke Circuit Court; *George A. Williams*, Special Judge.

Action by Norman E. Golding, as administrator of the estate of Cora Golding, deceased, against the Town of Knox. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Hathaway & Horner, E. C. Martindale* and *W. J. Reed*, for appellant.

*F. A. Moore, R. H. Moore, Glenn D. Peters* and *H. R. Robbins*, for appellee.

IBACH, J.—This action was brought under §285 Burns 1914, Acts 1899 p. 405, by appellant as administrator of the estate of Cora Golding, on behalf of her next of kin to recover for her death caused by injuries resulting from falling, when her foot caught on a loose board in appellee's sidewalk. There was an answer showing that during her lifetime Cora Golding had brought an action against appellee in which she recovered a judgment for $1,500 for the

same identical injury on account of which the present action is brought. See *Town of Knox* v. *Golding* (1910), 46 Ind. App. 634, 91 N. E. 857, 92 N. E. 986. Error is assigned in the overruling of appellant's demurrer to this answer.

The question is, whether the judgment recovered by Cora Golding in her lifetime for her injuries is a bar to the present action brought for damages to her next of kin,
1. caused by her subsequent death from the effects of the same injury for which she recovered. At common law there was no right of action for the death of one person caused by the wrongful act of another. In this State it is provided by statute, "When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived," etc. §285 Burns 1914, Acts 1899 p. 405. In the case of *Pittsburgh, etc., R. Co.* v. *Hosea* (1899), 152 Ind. 412, 53 N. E. 419, the court held that the right of action in the injured party ceases at such party's death, and that §285, *supra*, creates "a new and independent action for the use of the next kin, its validity to be tested by the right of the intestate to maintain an action for the same wrong, had he lived."

In the case of *Hecht* v. *Ohio, etc., R. Co.* (1892), 132 Ind. 507, 32 N. E. 302, it was said that "the personal representatives of the injured party, where death ensues, may maintain the action only in case the injured party might, at the instant of his death, have maintained the action if he had lived." This case, however, was distinguished in the case of *Pittsburgh, etc., R. Co.* v. *Hosea, supra,* and there is now in this State a well-recognized exception to the broad language just quoted from the Hecht opinion, for in the cases of *Wilson* v. *Jackson Hill Coal, etc., Co.* (1911), 48 Ind. App. 150, 95 N. E. 589, and *German American Trust Co.* v. *Lafayette Box, etc., Co.* (1913), 52 Ind. App. 211,

98 N. E. 874, it was held that when one's death is caused by the wrongful act of another, the right of the personal representative to sue therefor is unaffected by the fact that the decedent's right of action for his injuries was barred by the statute of limitations before his death, upon the theory that the right of action in the personal representative is a new and independent right of action created by statute, not arising until decedent's death, is not a survival of the decedent's right, and a statute of limitations can not run against such right of action before it begins to exist.   However, the Hosea case in no wise limits or overrules the holding in the Hecht case to the effect that where the intestate in his lifetime had successfully prosecuted an action for his injuries, had received payment of the judgment, had thereby extinguished his right of action before his death and had exhausted his right of action by a recovery of all the damages resulting from the wrongful act, including those for permanent injuries from the disease induced by the injury from the effects of which disease he later died, no cause of action would arise in favor of his personal representative after his death.   To this extent the Hecht case is approved by both the Hosea and Wilson cases, *supra*, and such holding is supported by the weight of authority.   See *Louisville, etc., R. Co.* v. *Raymond's Admr.* (1909), 135 Ky. 738, 123 S. W. 281, 27 L. R. A. (N. S.) 176, and note; *Thompson* v. *Fort Worth, etc., R. Co.* (1904), 97 Tex. 590, 80 S. W. 990, 1 Ann. Cas. 231, and note.

The law must be regarded as settled in this State, that a recovery in his lifetime by the injured party for damages for his injuries, including permanent effects induced which later caused his death, is a bar to an action by his personal representative for damages caused by his death.   Since the answer showed that Cora Golding in her lifetime had recovered for the damages sustained by her from the same wrongful act here sued on, including damages for permanent injuries, and that she had exhausted her right of action dur-

ing her lifetime, the court did not err in overruling appellant's demurrer thereto. Judgment affirmed.

NOTE.—Reported in 104 N. E. 978. As to effect of compromise or release by decedent as bar to action for death by wrongful act, see 70 Am. St. 683. See, also, 13 Cyc. 327.