CENTRAL INDIANA RAILWAY COMPANY *v.* STATE BANK OF LAPEL, ADMINISTRATOR.

[No. 14,124.   Filed December 11, 1931.]

*Arthur A. Beckman, J. R. Coleman, George O. Chambers* and *Maurice G. Robinson,* for appellant.

*Busby & Davisson* and *Pence & O'Neil,* for appellee.

LOCKYEAR, J.—One Ernest Husted was injured while working as a section hand on appellant's right of way and railroad tracks and filed a suit against appellant to recover for personal injuries alleged to have been sustained by reason of certain alleged negligence on the part of the appellant.

While this action was pending, and before any trial was had, said Ernest Husted died. The State Bank of Lapel was appointed administrator of his estate and as such administrator filed an amended complaint (referred to in the record as "plaintiff's second amended complaint") in the same case filed by Husted, whereby said administrator sought to recover damages of appellant claiming that the action survives.

The question was presented in a number of ways to the court, viz.: The appellant filed a motion to strike out appellee's second amended complaint; the appellant filed a plea in abatement to said second amended complaint, and the appellee filed a motion to strike out the same, and the appellee also filed a demurrer to said plea in abatement; the appellant filed a demurrer to the appellee's second amended complaint. The court on each pleading ruled adversely to the appellant, who at the time reserved proper exceptions thereto, and the several rulings of the court are assigned as error herein.

The appellee contends that the complaint is not one to recover on a new and independent action from the cause of action alleged in the complaint filed by Ernest Husted, and that, under the Employers' Liability Law, the action survives. §9435 Burns 1926. Said section of the statute reads as follows: "The damages recoverable under this act shall be commensurate with the injuries sustained, and, in case death results from such injury, the action shall survive: Provided, That where any such injured person recovers a judgment under the provisions of this act and an appeal is taken from such judgment, and pending such appeal, the injured person dies and said judgment be thereafter reversed; or where such injured person dies after said judgment is reversed and before trial, the right of action of such person shall survive to his or her personal representative, and such action may be continued in the name of such personal representative

for the benefit of the person entitled under this act to receive the same."

The only question we need to consider is the construction to be placed upon the above statute.

We shall consider together all the acts of the General Assembly on the subject in *pari materia.*

Sections 290, 291 and 292 Burns 1926, being §§ 6, 7 and 8 of the general death and survival statute, are as follows: Section 290: "A cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death of any person, and actions for seduction, false imprisonment and malicious prosecution."

Section 291. "All other causes of action survive, and may be brought by or against the representative of the deceased party, except actions for promises to marry."

Section 292: "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, and against the latter for an injury for the same act or mission. The action shall be commenced within two years. The damages cannot exceed ten thousand dollars; and must inure to the exclusive benefit of the widow or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased."

Section 293 Burns 1926, which is a kindred statute to the general death and survival statute, is significant in connection with the interpretation of the Employers' Liability Act, and is as follows: "Whosoever has a claim for personal injuries and obtains judgment for the same against any person, company or corporation in any trial court of this state, and from which judgment any per-

son, company or corporation against whom or which the same was obtained shall appeal to the Supreme or Appellate Court of this state, and such judgment be reversed by such Supreme or Appellate Court, and a new trial be granted to appellant thereon; and if the person who obtained such judgment should die pending such appeal, or before a new trial after such reversal can be had; such claim for personal injuries shall survive and may be prosecuted by the representative of such decedent as other claims are prosecuted for and on behalf of decedents' estate."

The similarity of the language used in the Employers' Liability Act to that of the general death and survival statute is very striking, and the construction given by our courts leads us to the conclusion that §9435 Burns 1926 should receive a construction in harmony with the opinions construing §293, *supra*.

Section 290, *supra*, "a cause of action arising out of an injury to the person dies with the person of either party, except in cases in which an action is given for an injury causing the death," etc., would ordinarily convey the impression that this statute provided that a cause of action arising out of an injury to the person in cases in which an action is given for an injury causing the death of any person survives. But our courts have uniformly held that such cause of action does not survive. 1 Watson, Works Practice §284, p. 190; *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86, 52 N. E. 607; *Cincinnati, etc., R. Co.* v. *McCullom* (1915), 183 Ind. 556, 109 N. E. 206, Ann. Cas. 1917E 1165; *German, etc., Trust Co.* v. *Lafayette Box, etc., Co.* (1912), 52 Ind. App. 211, 98 N. E. 874; *Golding* v. *Town of Knox* (1914), 56 Ind. App. 149, 104 N. E. 978.

When read in the light of the decisions of the Supreme Court of this state on this general subject, we are of the opinion that the original action survives only in cases

pending where the case has progressed to judgment and there is an appeal taken.

In case a person dies the owner of an unsatisfied judgment, that judgment is a part of the assets of his estate, but if he dies before judgment, there is nothing to pass to his estate. In a personal injury case, the injured party is entitled to a judgment for pain and suffering; that is personal to him alone, and cannot survive in favor of his dependents. His death causes a loss to his dependents; they can sue for his death, but not for his personal injuries. The lawmakers undoubtedly intended the action to survive in a case where the action has gone to judgment; that judgment may be appealed from; it may be affirmed; it may be reversed; a new trial may be had, etc. It may or may not be finally an asset of the estate. So the Legislature made the one exception and no more. The appellee admits that this case does not come within the exception.

Therefore, the judgment is reversed, with instructions to overrule appellee's motion to strike out appellant's plea in abatement and for further proceedings in harmony with this opinion.