## N. O. NELSON MANUFACTURING CORPORATION *v.* DICKSON.

[No. 17,176. Filed March 21, 1944. Rehearing denied April 27, 1944. Transfer denied May 23, 1944.]

*James L. Murray*, of Indianapolis (*Waldo C. Ging*, of Greenfield, of counsel), for appellant.

*Cloe & Campbell*, of Noblesville (*Samuel J. Offutt*, of of Greenfield, of counsel), for appellee.

FLANAGAN, J.—From 1902 to 1918, except for an interval of six months in the year 1915, appellee's decedent, Charles Dickson, was an employee of the Union Sanitary Manufacturing Company which owned and operated a foundry and enameling works in Noblesville, Indiana. From 1902 to 1915 he worked in what

was called the cleaning room, wherein the operations of grinding and blasting were carried on. From 1915 to 1918 he was superintendent of shipping and assistant superintendent of the factory. This job required him to be in and out of the cleaning room. In 1918 appellant, N. O. Nelson Manufacturing Corporation, bought the plant and continued to operate it until 1932 when the plant was closed. During the time appellant operated the plant the decedent was employed by it in the same job he held under the former owner. Silica sand was used in the sand blasting operation and a large amount of silica dust was free in the cleaning room. There were no exhaust fans. As a result of breathing this silica dust the decedent developed silicosis. Because of the silicosis tuberculosis developed and caused his death on September 28, 1940.

The above facts are disclosed by the evidence most favorable to appellee.

This action is based on the wrongful death statute, § 2-404, Burns' 1933, § 51, Baldwin's 1934. Trial to a jury resulted in a verdict for appellee in the sum of $1050. Appellant's motion for a new trial was overruled, judgment was entered on the verdict, and this appeal followed.

Errors here relied upon for reversal are, (1) the overruling of appellant's demurrer to the complaint, and (2) the overruling of appellant's motion for a new trial. The motion for a new trial challenges the sufficiency of the evidence and the giving and refusing of certain instructions.

In challenging the ruling on the demurrer to the complaint appellant contends that an action based on the wrongful death statute cannot be maintained where the decedent's cause of action for the injury which caused the death was barred by the

statute of limitations prior to his death. This question was presented in the case of *Wilson* v. *Jackson Hill Coal, etc., Co.* (1911), 48 Ind. App. 150, 95 N. E. 589, and decided adversely to appellant's contention. We are asked to overrule that case. In reaching its conclusion in the Wilson case this court gave careful consideration to the contention of appellant. It looked to the adjudicated cases in other jurisdictions having statutes similar to ours and found that they were not in harmony. It determined that the rule that it announced was the better rule. That decision was followed by this court in the case of *German, etc., Trust Co.* v. *Lafayette Box, etc., Co.* (1913), 52 Ind. App. 211, 98 N. E. 874, and has furnished guiding evidence of the established law of this State for more than thirty years. See also *Golding* v. *Town of Knox* (1913), 56 Ind. App. 149, 104 N. E. 978. We find no reason which impels us to overrule it.

In challenging the sufficiency of the evidence appellant contends (1) that it does not show that the decedent sustained any real or sufficient exposure to silica dust during his employment by appellant, and (2) that it does not show that his death was caused or contributed to by silicosis, or that he suffered from silicosis.

On each of these points appellant discusses the weight which should be given the evidence. We cannot, however, weigh conflicting evidence. That evidence which is most favorable to appellee is ample to sustain a finding that the decedent developed silicosis because of exposure to silica dust while in the employ of the appellant, and that it caused his death.

Appellant complains of the giving of the court's instructions numbered 8, 13 and 14.

Appellant says that the court's instruction numbered

could be construed to define negligence to be the failure to remove *all* dust from dust creating machinery. We cannot agree that it is subject to such criticism. The instruction gives the jury the requirements of the statute, § 40-1005, Burns' 1940 Replacement, § 10066, Baldwin's 1934, in the words of the statute and does not say or imply that an employer must remove *all* dust from dust creating machinery.

The court's instruction numbered 13 informs the jury that the fact that the decedent continued to work in appellant's plant with knowledge that exhaust fans had not been installed would not constitute negligence on his part. Appellant contends that such continuance of work by the decedent constituted contributory negligence and the instruction was therefore erroneous.

We cannot agree with this contention. Section 40-1102, Burns' 1940 Replacement, § 10100-2, Baldwin's 1934, which is applicable to this action provides:

"In any action prosecuted under the provisions of this act, the burden of proving that such injured or killed employee did not use due care and diligence at the time of such injury or death shall be upon the defendant, but the same may be proved under the general denial. No such employee, who may have been injured or killed shall be held to have been guilty of negligence or contributory negligence by reason of the assumption of the risk thereof in any case where the violation by the employer, or his, its or their agents or employees, of any ordinance or statute enacted, or of any rule, regulation or direction made by any public officer, bureau or commission, was the cause of the injury or death of such employee. In actions brought against any employer under the provisions of this act for the injury or death of any employee, it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such injured employee was engaged contributed to such

injury. No such injured employee shall be held to have been guilty of negligence or contributory negligence where the injury complained of resulted from such employee's obedience or conformity to any order or direction of the employer or of any employee to whose orders or directions he was under obligation to conform or obey, although such order or direction was a deviation from other rules, orders or directions previously made by such employer."

We think this statute means that when an employer creates a hazard by non-compliance with a statute, an employee does not, merely by working where such hazard exists, become guilty of contributory negligence. The fact that the hazard is apparent or known is immaterial. The instruction objected to clearly refers to a hazard created by the employer by failure to comply with a statute of this State.

Appellant says that the court's instruction numbered 14 is erroneous because it instructs the jury that tuberculosis can be contracted from breathing silica dust. The instruction is not subject to such criticism. It correctly instructs the jury that if the decedent developed silicosis as a result of breathing silica dust as alleged, and if such silicosis rendered him more susceptible to tuberculosis and that he thereafter contracted tuberculosis as a direct and proximate result of breathing the silica dust, plaintiff was entitled to recover if she had proved all the other material allegations of her complaint.

Appellant next complains of the court's refusal to give appellant's tendered instructions numbered 4, 6, 7, 8, 9 and 10. Appellant's tendered instructions 6 and 7 sought to tell the jury that the decedent was guilty of contributory negligence if he continued to work after

he knew the conditions under which he was working might imperil his health. This subject has heretofore been discussed in this opinion.

Appellant's tendered instructions 4, 8 and 9 sought to tell the jury that the appellant was not liable if he did not know that the air breathed by the decedent would cause silicosis. The question raised by the presenting of these instructions was decided adversely to appellant in the case of *Dalton Foundries* v. *Jefferies* (1944), *ante* p. 271, 51 N. E. (2d) 13, wherein this court said:

"We see no merit in this contention because the appellant was bound to know . . . its duty 'to provide exhaust fans of sufficient power for the purpose of carrying off dust from dust creating machinery' and to provide 'sufficient means of ventilation' in the room where the appellee was required to work, and that a failure to perform its statutory duty in those respects would constitute negligence per se, for which it was bound to respond in damages if the appellee was injured thereby."

Appellant's tendered instruction numbered 10 was on the subject of proximate cause. The court fully instructed the jury on that subject in instructions given on its own motion.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 53 N. E. (2d) 640.