## SCHLAVICK v. MANHATTAN BREWING CO.

No. 51 C 437.

United States District Court
N. D. Illinois, E. D.

April 4, 1952.

Lockyear & Lockyear, Evansville, Ind., Eckhart, Klein, McSwain & Campbell, Chicago, Ill., for plaintiff.

Allen H. Schultz and Schultz & Schwartz, all of Chicago, Ill., for defendant.

PERRY, District Judge.

This is an action for damages for the wrongful death of Walter Schlavick, caused by the alleged negligence of the defendant. It is brought under the Indiana wrongful death statute. Burns' Indiana Statutes, § 2–404.

Since February 25, 1951, the plaintiff has been the administratrix of the estate of her decedent husband by virtue of her appointment and qualification in the Probate Court of Vanderburgh County, Indiana. The defendant is an Illinois corporation and has its principal office and place of business at Chicago, Illinois. Plaintiff seeks to recover fifteen thousand dollars. Federal jurisdiction is based upon diversity of citizenship 28 U.S.C.A. § 1332.

On February 11, 1945, the decedent suffered serious injuries when he proceeded to service a refrigerated railroad car, pursuant to his duties as an employee of the Fruit Growers Express Company at Evansville, Indiana. The plaintiff alleges that the injuries were proximately caused by the defendant's negligent loading of this car at Chicago, Illinois, that these injuries subsequently caused the decedent's death on April 11, 1950.

The affidavits and exhibits, which have been filed to support the defendant's motion for summary judgment, reflect that the decedent applied for compensation under the Indiana Workmen's Compensation Act of 1929, as amended, Burns' Ann.St. § 40–1201 et seq. and was awarded the weekly sum of $18.70 for one hundred and fifty weeks to be paid by his employer's insurer, Travelers Insurance Company. A lump sum settlement was ordered on August 7, 1946, as a result of which the decedent received $2736.81 plus $544.38 for medical expenses.

The same documents further reflect that, subsequent to the receipt of these benefits by the decedent, the Travelers Insurance Company, in an action in the U. S. District Court for the Northern District of Illinois, sought to recover from the Manhattan Brewing Company the amount of the lump sum settlement and the value of the medical expenses. This law suit was settled and dismissed by stipulation and the decedent furnished the Manhattan Brewing Company with a release of any and all of his rights.

The plaintiff admits all facts which are set out in the motion for summary judgment. Their legal effect, however, is disputed.

The sole issue to be determined by the court is the effect of the acceptance of the award by the decedent upon the plaintiff's right to maintain her present action for wrongful death. It is the view of this court that the decedent's prior recovery by way of an award bars the present action for wrongful death.

■ The Indiana wrongful death statute, Chapter 2, Section 2–404, Burns'

Indiana Statutes, provides as follows: "Action for wrongful death—When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission." Since an action for personal injuries abated with the death of the injured party, no such action was known or recognized at the common law. A cause of action for wrongful death accrues to the personal representative solely by virtue of the statute, which is in derogation of the common law. Such statutes are subject to strict construction; they demand, by their very nature, literal compliance. The plaintiff, in order to maintain this action, must bring herself within the provisions of the statute. Specifically, she is able to maintain the present action only *if the decedent could have maintained his action had he survived.*

■ A decedent's recovery of damages for injuries, which resulted in his death, is a bar to an action by his personal representative for wrongful death. Hecht v. Ohio and M. Ry. Co., 132 Ind. 507, 32 N.E. 302; Golding v. Town of Knox, 56 Ind.App. 149, 104 N.E. 978. An action by a personal representative for the wrongful death of his decedent will be barred if such decedent in his lifetime made a valid settlement for the injuries which resulted in his death. Haskell and Barker Car Co. v. Logermann, 71 Ind.App. 69, 123 N.E. 818. Although the courts recognize the right of action, which is given to a personal representative by the wrongful death statute, as a new cause of action, which does not arise until after death, they emphasize the fact that this statutory action is designed to afford relief for the wrong suffered by the decedent. "The action is bottomed on the same wrongful act of the wrongdoer, whether it be prosecuted by the injured party in his lifetime, or by his personal representatives after his death." Hecht v. Ohio and M. Ry. Co., supra [132 Ind. 507, 32 N.E. 305.] If, therefore, a decedent, during his lifetime, has recov-

ered for injuries by way of satisfied judgment, settlement, or by way of any administrative award, which constitutes full satisfaction, his claim for injuries has been merged into the recovery and it has been extinguished. Thereafter, the decedent would not be able to prosecute an action for the same injuries. Consequently, his personal representative could not maintain an action for wrongful death.

█ The fact that the Indiana legislature intended an award under the Workmen's Compensation Act to operate as a full recovery, thereby extinguishing a claim for injuries, is evidenced by the provisions of Section 13 of this Act: "Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents." Burns' Indiana Statute, 1940 Replacement, § 40-1213. In the case of Pittsburgh C. C. and St. L. R. Co. v. Parker, 191 Ind. 686, 132 N.E. 372, 134 N.E. 890, 19 A.L.R. 751, the Supreme Court of Indiana in holding that an employee, who had accepted an award under the Act, surrendered whatever common law right he might have had against a negligent third person said [132 N.E. 375]: "The meaning of the statute seems too plain to admit of any possible construction other than that, when the injured workman goes so far as to 'collect' from the employer under the Workmen's Compensation Law, he is forbidden also to recover an additional amount in an action at law against a third person whose negligence caused his injury."

█ In the case before the bar, the decedent surrendered whatever common law remedy he might have had against the defendant corporation by his acceptance of the workmen's compensation award. His claim for injuries was merged into this award and thereby was extinguished. He could maintain no further action during his lifetime. The plaintiff, therefore, cannot bring herself within the requirements of the wrongful death statute, and consequently is unable to maintain this action.

The plaintiff, however, insists that this statute gives a new cause of action in favor of the personal representative, which arises after death. In her view, the award, which the decedent received during his lifetime, should not be allowed to prejudice her rights as the personal representative. This argument must fail by virtue of the provisions of the statute itself. It is solely the statute which enables the personal representative to maintain this "new cause of action." The statute allows the action only if the decedent had been able to maintain an action for his injuries had he survived. If the decedent's claim is extinguished by a recovery, he could maintain no further action. This fact, by the very terms of the wrongful death statute, precludes the plaintiff from maintaining her present action. Plaintiff's argument serves to emphasize the basic legal principle, which underlies an action for wrongful death, namely, that its purpose is to offer redress for personal injuries which resulted in death. If the claim for such injuries is satisfied during the decedent's lifetime, there remains, under the present language of the statute, no claim which could support an action for wrongful death.

The application of this principle is clearly exemplified in the cases, which the plaintiff cites in support of her position. In the case of Wilson v. Jackson Hill Coal and Coke Co., 48 Ind.App. 150, 95 N.E.

589, it was held that the action for wrongful death was not barred by the two year limitation period because the decedent lived more than two years after the date of injury. In the case of German American Trust Co. v. Lafayette Box Co., 52 Ind.App. 211, 98 N.E. 874, the court allowed the personal representative to prosecute the death action even though the decedent's claim for personal injuries had been barred by the statute of limitations. The Supreme Court of Indiana, in the case of City of Indianapolis v. Willis, 208 Ind. 607, 194 N.E. 343, announced the ruling that failure to provide a statutory notice, required before action against the city, was not a bar to an action for wrongful death. The case of Shipley v. Daly, 106 Ind.App. 443, 20 N.E.2d 653, decided the proposition that once the cause of action accrues to the benefit of those named in the statute, it will not pass to a second class upon the death of all members in the first class. The case of Lindley v. Sink, 218 Ind. 1, 30 N.E.2d 456, 2 A.L.R.2d 772, held that the contributory negligence of one of the beneficiaries under a death action will not bar recovery by the other beneficiaries. In the case of Public Service Company of Indiana v. Tackett, 113 Ind.App. 307, 47 N.E.2d 851, it was held that under the statute a father was the beneficiary of an action for the wrongful death of his emancipated son. In the case of Pittsburgh C. C. St. L. Ry. Co. v. Hosea, 152 Ind. 412, 53 N.E. 419, the court ruled that the widow's acceptance of benefits from a voluntary railroad relief association would not bar her action for wrongful death even though her decedent husband's contract with the association provided that the acceptance of benefits would release the railroad from liability for injuries to him. The decision turned on the fact that the contract with the relief association provided that the injured employee had an election between his legal remedy and the benefits from the relief association. Since the decedent had not exercised his right of election, he could have maintained an action during his lifetime. Therefore, the widow could maintain her action for wrongful death.

A careful examination of all these cases discloses that in no instance did the decedent recover for his injuries in any manner whatsoever; his claim for injuries was never extinguished. These cases are not in conflict with the principle that a death action is designed to satisfy the wrong suffered by the decedent, and if he recovers for it during his lifetime, there remains no basis for the subsequent death action by the representative. This principle is cited with approval in Wilson v. Jackson Hill Coal & Coke Co., supra.

In view of the foregoing analysis and ruling, consideration of the release is unnecessary.

■ This court is aware of the fact that economic circumstances might have forced the decedent to accept the compensation award at the time of injury so that he might continue to provide adequately for his dependents. It fully appreciates the hardship, which the dependents have experienced since his death. As a matter of practical household economics, however, one can readily question the view that a compensation award, accepted by an injured laborer when death is neither anticipated nor foreseen, should continue to constitute a satisfactory provision for his dependents even after death. The personal representative, however, acting on behalf of the beneficiaries must pursue his right in accordance with the statute which gives the right. In the case before the bar, the Court cannot escape the fact that the decedent recovered an award and thereby extinguished any claim for personal injuries; nor can the Court reject the logical result. Unless the decedent could have avoided his election and acceptance on the ground of fraud, duress or mistake, he could have pursued no further action during his lifetime. His personal representative, therefore, is unable to maintain this death action unless he too is able to set aside his decedent's election on the same grounds, none of which are advanced in the pleadings. The limitation lies in the legislation and not in any judicial determination. Only leg-

islative revisions can effectuate a satisfactory adjustment.

An order will be entered in accordance with this memorandum, sustaining the defendant's motion for summary judgment.