877 F.2d 27
 Prod.Liab.Rep.(CCH)P 12,161
Mary Ellen THOMPSON, Personal Representative of the Estate
of Michael Glen Thompson, deceased, Plaintiff-Appellee,
v.
COMMUNICATIONS TECHNOLOGY, INC. (CTI), Defendant-Appellant.
 No. 88-3759.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 6, 1989.
Decided June 8, 1989.
 
 M. Elizabeth Duncan and John R. Faust, Schwabe, Williamson and Wyatt, Portland, Or., for defendant-appellant.
 John Hilts, Medford, Or., for plaintiff-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before CANBY, THOMPSON and LEAVY, Circuit Judges.
 LEAVY, Circuit Judge:
 
 
 1
 In this interlocutory appeal we exercise jurisdiction under 28 U.S.C. Sec. 1292(b) to decide whether a wrongful death product liability action is governed by the three-year limitations period of Oregon's wrongful death statute, ORS 30.020(1), or by the two-year limitations period of Oregon's Products Liability Act, ORS 30.905(2).
 
 
 2
 Oregon's wrongful death statute, the application of which is urged by the plaintiff, provides in relevant part:
 
 
 3
 Action for wrongful death; when commenced; damages. (1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent ... may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent.
 
 
 4
 ORS 30.020(1) (1988).
 
 
 5
 Oregon's Products Liability Act, the application of which is urged by the defendant, provides:
 
 
 6
 Time limitation for commencement of action. * * *.
 
 
 7
 (2) Except as provided in ORS 30.907 [inapposite to the issue in this appeal], a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs.
 
 
 8
 ORS 30.905(2) (1988).
 
 
 9
 Thompson's complaint, filed May 29, 1987, alleges that the decedent, Michael Glen Thompson, died on June 8, 1984, of malignant lymphoma caused by use and exposure to Ickypic II Clean, a product manufactured by Communications Technology, Inc. CTI brought a Rule 12(b)(6) motion to dismiss the complaint as time-barred under ORS 30.905(2). The district court denied the motion, holding that the three-year limitations period of Oregon's wrongful death statute was applicable to the action. We reverse, concluding that the action is governed by the two-year limitations period in Oregon's Products Liability Act.
 
 
 10
 Oregon's wrongful death statute was enacted in 1862, Jones v. Jones, 270 Or. 869, 871, 530 P.2d 34, 35 (1974), and last amended in 1973. Oregon's Products Liability Act was enacted in 1977. There are no Oregon cases deciding whether wrongful death actions based on allegations of product liability are ruled by the statute of limitations in the wrongful death statute or in the Products Liability Act. Shaughnessy v. Spray, 55 Or.App. 42, 637 P.2d 182 (1981), which holds that the wrongful death limitations period applies to all wrongful death actions, id. at 50, 637 P.2d at 187, explicitly states that the Products Liability Act was irrelevant to its decision because the action accrued before the Act's effective date. Id. at 49 n. 6, 637 P.2d at 187 n. 6.
 
 
 11
 The Products Liability Act specifically refers to actions based on a death. An action based on death can only be brought as a wrongful death action. Thus, the plain meaning of the Products Liability Act is that wrongful death actions based on products liability are to be governed by a two-year limitations period. To allow the three-year wrongful death limitations period to govern would render the limitations period of the Products Liability Act a nullity. Moreover, our construction of the two statutes is consistent with the policy concerns embodied in the Products Liability Act, which was enacted as the solution to a crisis in the products liability arena resulting from the dramatically increased costs of product liability insurance. Product Liability: Hearings on HB 3039 Before the Oregon House Committee on the Judiciary, April 18, 1977. We conclude that the two-year limitations period of the Products Liability Act applies to this action.
 
 
 12
 Under the limitations period of ORS 30.905(2), the plaintiff had two years from June 8, 1984, the date of the decedent's death, within which to file a claim. The complaint was not filed until May 29, 1987, two years and nine months after the decedent's death. In Oregon, the limitations period for either products liability or wrongful death actions begins to run when the plaintiff discovers or should have discovered the cause of the injury. Dortch v. A.H. Robins Co., Inc., 59 Or.App. 310, 313, 650 P.2d 1046, 1049 (1982) (limitations period begins to run when plaintiff discovers that defendants product caused the injury); Repp v. Hahn, 45 Or.App. 671, 609 P.2d 398 (1980) (discovery rule applied to wrongful death actions). The complaint contains no allegations as to the time the plaintiff knew or reasonably should have known that the decedent's death was caused by the defendant's product. Therefore, the complaint must be dismissed as time-barred, but the dismissal should be with leave to amend so that the plaintiff has an opportunity to allege facts triggering application of the discovery rule.
 
 CONCLUSION
 
 13
 REVERSED and REMANDED with directions to dismiss the complaint and grant a reasonable time to amend.