**WESTERN HELICOPTER SERVICES, INC., an Oregon corporation; and Edwina Marie Cruse, as Personal Representative of the Estate of Russell Leroy Cruse, Deceased, Plaintiffs,**

v.

**ROGERSON AIRCRAFT CORPORATION, a California corporation; Rogerson–Hiller Corporation, a Washington corporation; Omneco, Inc., a Nevada corporation; Embee EP Plating, a California corporation; Arden Engineering, a California corporation; Burbank Steel Treating, Inc., a California corporation, Defendants.**

Civ. No. 87–1435–FR.

United States District Court, D. Oregon.

June 5, 1991.

Lisa Brett Egan, Martin, Bischoff, Templeton, Ericsson & Langslet, Portland, Or., for plaintiffs.

Dean DeChaine, Jonathan D. Allred, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendant Omneco, Inc.

John P. Ashworth, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant Embee EP Plating.

## OPINION

FRYE, Judge:

The matter before the court is the motion (#166) of defendant Embee EP Plating (Embee) for partial summary judgment against the wrongful death claims of plaintiff Edwina Marie Cruse, Personal Representative of the Estate of Russell Leroy Cruse.

## BACKGROUND

This case arises from a helicopter crash that occurred on January 16, 1986. The pilot of the helicopter, Russell Leroy Cruse, died as a result of the accident. The plaintiffs are Western Helicopter Services, Inc. (Western Helicopter), an Oregon corporation that employed Russell Leroy Cruse and Edwina Marie Cruse, Personal Representative of the Estate of Russell Leroy Cruse (the estate). Western Helicopter seeks property damages for the loss of the helicopter. The estate seeks damages for the alleged wrongful death of Russell Leroy Cruse.

Plaintiffs filed the complaint on December 24, 1987 and named as defendants the following sellers and manufacturers of the helicopter: Rogerson Aircraft Corporation, Hiller Aviation, Inc., Morton Thiokol, and Omneco, Inc. Plaintiffs subsequently dismissed Hiller Aviation, Inc. and Morton Thiokol from the case.

On February 8, 1989, plaintiffs filed an amended complaint in which they named fifteen additional defendants, including Embee. The amended complaint includes

claims for strict liability, wrongful death, negligence, and breach of warranty. The amended complaint, like the original complaint, alleges that the helicopter crashed because of a defect in the main rotor blade fork. Each of the defendants named for the first time in the amended complaint was allegedly involved in the manufacture, installation or maintenance of the main rotor blade fork. Several of these defendants have since been dismissed from the case.

Several of the remaining defendants named for the first time in the amended complaint moved for dismissal of the wrongful death claims of the estate pursuant to the three-year statute of limitations for wrongful death actions set forth in O.R.S. 30.020(1) and the holding of the Oregon Supreme Court in *Eldridge v. Eastmoreland Gen. Hosp.*, 307 Or. 500, 769 P.2d 775 (1989). In orders and opinions dated June 24, 1989, this court granted those motions. *Western Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F.Supp. 1486 and 715 F.Supp. 1493 (D.Or.1989).

In reaching its decision to dismiss the wrongful death claims of the estate against the newly named defendants, this court held that under the laws of the State of Oregon, all claims for wrongful death, regardless of the underlying theory of relief, are governed by the three-year limitation of actions set forth in O.R.S. 30.020. *Western Helicopters*, 715 F.Supp. at 1491 and 715 F.Supp. at 1495. The court based this holding, in part, on the holding of the Oregon Supreme Court in *Eldridge. Eldridge* involved a claim for wrongful death based on negligence and medical malpractice. In deciding whether the claim was timely filed, the Oregon Supreme Court applied the three-year wrongful death statute of limitations, O.R.S. 30.020(1), rather than the statutes of limitations for either negligence or malpractice. *Eldridge*, 307 Or. at 503, 769 P.2d 775.

On November 1, 1989, the estate moved this court for reconsideration of the order of June 24, 1989 dismissing its wrongful death claims. The estate relied on *Thompson v. Communications Technology, Inc.*, 877 F.2d 27 (9th Cir.1989), in support of its motion. In *Thompson*, the Ninth Circuit held that under the laws of the State of Oregon, a wrongful death claim based on the theory of product liability is governed by the two-year limitations period of the Oregon Products Liability Act, O.R.S. 30.-905(2), rather than the three-year limitations period of the wrongful death statute. *Thompson*, 877 F.2d at 28. Based on the holding in *Thompson*, on December 15, 1989, this court granted the motion for reconsideration and reinstated the wrongful death claims of the estate against the new defendants.

On March 7, 1990, the Oregon Court of Appeals handed down a decision in *Korbut v. Eastman Kodak Co.*, 100 Or.App. 649, 787 P.2d 896 (1990). In *Korbut*, the plaintiff's decedent allegedly died from Reyes syndrome, which the plaintiff contended was caused by the fact that she took Bayer Aspirin while suffering from the chicken pox. The plaintiff brought a wrongful death claim based on the theory of product liability against the manufacturer of Bayer Aspirin. The trial judge granted the motion of the manufacturer for summary judgment, holding that the claim was barred by the three-year statute of limitations for wrongful death actions.

The Oregon Court of Appeals affirmed the trial court in a *per curiam* opinion. The opinion, in its entirety, states:

> This is a wrongful death action based on defective product allegations. The death occurred in 1982. The action was brought in 1988. The trial court granted defendants a summary judgment on the basis of *Eldridge v. Eastmoreland General Hospital*, 307 Or. 500, 769 P.2d 775 (1989). We are bound by that decision.
> Affirmed.

*Korbut*, 100 Or.App. at 650, 787 P.2d 896.

Based on *Korbut*, Embee filed a motion for partial summary judgment against the wrongful death claims of the estate. Embee, citing *Eldridge* and *Korbut*, argued that a wrongful death claim based on the theory of product liability is governed by the three-year statute of limitations set forth in O.R.S. 30.020(1), and therefore that

the wrongful death claims of the estate must be dismissed because they were not timely filed.

Perceiving a conflict between the holding of the Ninth Circuit in *Thompson* and the six-line opinion of the Oregon Court of Appeals in *Korbut*, this court certified the following question for decision by the Oregon Supreme Court: "Does the statute of limitations for wrongful death claims set forth in O.R.S. 30.020(1) or the statute of limitations for product liability actions set forth in O.R.S. 30.905 apply to a wrongful death claim based on the theory of product liability?"[1]

On May 14, 1991, the Oregon Supreme Court denied certification. *Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 811 P.2d 627 (1991). Embee now renews its motion for partial summary judgment in its favor against the wrongful death claims of the estate.

## APPLICABLE STANDARD

■ Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). On a motion for summary judgment, all reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir.1976).

## ANALYSIS AND RULING

■ "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). A federal court sitting in a diversity case is to apply state law whether "declared by its Legislature in a statute or by its highest court." *Id.* However, under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967). The state's highest court is the best authority on its own law. *Id.*

In denying this court's request for certification of the questions submitted, the Oregon Supreme Court stated:

> [T]here *is* controlling precedent with respect to the first question—*Korbut v. Eastman Kodak Co., supra.* It is true that *Korbut* is an extremely brief decision from the Court of Appeals. It is also true that there is contrary precedent from the Ninth Circuit—precedent that the district court normally would follow. But the question is one of Oregon law, not federal law[;] the federal court's decision was the earlier of the two, and it is the Oregon court's decision—not that of the Ninth Circuit—that is binding for purposes of the certification law.

*Western Helicopter*, 811 P.2d at 635 (emphasis in original).

■ In determining the timeliness of the wrongful death claims of the estate, this court will apply the three-year statute of limitations for wrongful death actions set forth in O.R.S. 30.020(1). The discovery rule does not apply to the wrongful death statute of limitations. *Eldridge*, 307 Or. at 504, 769 P.2d 775. The three-year period for bringing a claim under O.R.S. 30.020 begins at the time of the injury which causes death. *Id.*

■ The injury which caused the death of Russell Leroy Cruse occurred on January 16, 1986. Embee was named as a defendant in this suit on February 8, 1989, more than three years after the injury which caused the death of Cruse. There-

---

1. This court also certified a second question for decision by the Oregon Supreme Court. However, because the Supreme Court denied certification of the first question, it was unnecessary to consider certification of the second.

fore, the claims of the estate against Embee for wrongful death are time-barred pursuant to O.R.S. 30.020(1).

## CONCLUSION

Embee's motion for partial summary judgment (# 166) against the wrongful death claims of the estate is granted.