Ivay O. HOLMES, Individaully and as Personal Representative of the Estate of Henry Holmes, Appellant–Plaintiff,

v.

ACANDS, INC.; Atlas Turner, Inc.; A.W. Chesterton Co.; Flintkote Co.; Foster Wheeler Corp.; Metropolitan Life Ins. Co.; Owens Corning Fiberglas; Owens–Illinois, Inc.; PPG Ind., Inc.; Pittsburgh Corning Corp.; Rapid–American Corp.; Vimasco Corp., Appellee–Defendants.

No. 49A02–9712–CV–846.

Court of Appeals of Indiana.

April 26, 1999.

Linda George, W. Russell Sipes, Laudig, George, Rutherford & Sipes, Indianapolis, Indiana, Attorneys for Appellant.

Douglas B. King, Joseph R. Alberts, Wooden & McLaughlin, Indianapolis, Indiana, Knight S. Anderson, Hill Fulwider McDowell Funk & Matthews, Indianapolis, Indiana, George T. Patton, Jr., Bose McKinney & Evans, Indianapolis, Indiana, Karl L. Mulvaney, Bingham Summers Welsh & Spilman, Indianapolis, Indiana, Susan E. Mehringer, Andrea L. Cohen, Lewis & Wagner, Indianapolis, Indiana, Cynthia M. Locke, White & Raub, Indianapolis, Indiana, Jon L. Williams, Indianapolis, Indiana, Robert A. Kezelis, French Kezelis & Kominiarek, Chicago, Illinois, Attorneys for Appellee.

## OPINION

ROBB, Judge

### Case Summary

Appellant–Plaintiff, Ivay Holmes ("Holmes"), appeals the trial court's grant of summary judgment in favor of Appellees–Defendants, Rapid–American Corp. and Owens–Corning Fiberglas Corp., the trial court's dismissal with prejudice and entry of final judgment in favor of Appellees–Defendants, A.W. Chesterton Co., Vimasco Corp., and PPG Industries, Inc., and the trial court's grant of summary judgment as to remaining Appellees–Defendants, ACandS, Inc., Atlas Turner, Inc., The Flintkote Co., Foster Wheeler Corp., Metropolitan Life Insurance Co., Owens–Illinois, Inc. Pittsburgh Corning Corp., "and any and all other Defendants."[1] R. 415.012. We reverse.

### Issue

Holmes raises one issue for our review which we restate as: whether a wrongful death action brought less than two years after the decedent's death, but more than two years after the decedent's asbestos-related injury was diagnosed, is barred.

### Facts and Procedural History

The facts most favorable to the judgment show that Holmes's husband, Henry Holmes, was diagnosed with lung cancer caused by exposure to asbestos on or about June 20, 1994. Henry died on July 22, 1994. Holmes, individually and as personal representative of Henry's estate, filed a wrongful death claim on July 22, 1996, based upon negligence, strict product liability, and premises liability. The complaint named several manufacturers/distributors of asbestos-containing products with which Henry had allegedly worked during his lifetime.

Following a hearing, the trial court granted summary judgment in favor of certain defendants and dismissed with prejudice the remaining defendants.

### Discussion and Decision

We review the trial court's decision granting summary judgment to determine whether the trial court correctly concluded that "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C); *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind.1997). The party appealing the trial court's grant or denial of summary judgment has the burden of persuading this court that the trial court's decision was erroneous. *North Snow Bay, Inc. v. Hamilton*, 657 N.E.2d 420, 422 (Ind. Ct.App.1995). A grant of summary judgment may be affirmed upon any theory which the designated materials support, and we are not limited to reviewing the trial court's reasons for granting summary judgment. *Roessler v. Milburn*, 692 N.E.2d 1377, 1378 (Ind. Ct.App.1998) (citation omitted). Our standard on review of legal determinations is the same for dismissal as it is for summary judgment. *See Indiana & Michigan Elec. Co. v. Terre Haute Industries, Inc.*, 467 N.E.2d 37, 43 (Ind.Ct.App.1984).

Holmes argues that Henry's death is a separate injury from his cancer and as such is not barred by the two year statute of limitations regarding personal injury claims.

---

1. We will refer to Appellees collectively as "the Asbestos Defendants."

She contends that the date of diagnosis of Henry's cancer has no bearing upon her wrongful death claim. The Asbestos Defendants contend that Holmes's wrongful death action is barred because a personal injury action based on the same acts would have been barred at the time it was filed by Holmes.

■ In Indiana it is well established that the right to maintain an action for wrongful death is purely statutory and did not exist at common law. *General Motors Corp. v. Arnett*, 418 N.E.2d 546, 548 (Ind.Ct. App.1981). The purpose of the statute is not to compensate for the injury to the decedent, but rather to create a cause of action to provide a means by which the decedent's survivors may be compensated for the loss sustained by reason of such death. *Fisk v. United States*, 657 F.2d 167, 170 (7th Cir. 1981). Because the wrongful death claim is designed to compensate for the loss to the survivors caused by the decedent's death, and not the underlying injury, the survivor's claim is independent and not derivative: "the action derives from the tortious act and not from the person of the deceased." *Id.* (quoting *In re Estate of Pickens v. Pickens*, 255 Ind. 119, 263 N.E.2d 151, 156 (1970)). Thus the statute creates a new and independent cause of action for wrongful death. *Id.*

■ The Indiana Wrongful Death Statute provides:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.... [T]he action shall be commenced by the personal representative of the decedent within two (2) years.

Ind.Code § 34–1–1–2 (*repealed and recodified as* Ind.Code § 34–23–1–1). Since this right in Indiana is purely statutory, the two year time period within which an action must be commenced is a "condition attached to the right to sue." *General Motors*, 418 N.E.2d at 548 (quoting *Bocek v. Inter–Insurance Exchange of Chicago Motor Club*, 175 Ind.

App. 69, 369 N.E.2d 1093, 1097 (1977)). This two year time period is not a statute of limitation but a condition precedent to the existence of the claim. *Id.* The wrongful death cause of action accrues when the injured person dies. *Louisville, E. & St. L. R Co. v. Clarke*, 152 U.S. 230, 237, 14 S.Ct. 579, 580, 38 L.Ed. 422 (1894) (applying Indiana law).

■ When the meaning of a statute is plain and unambiguous, there is no room for judicial construction. *Community Hosp. v. McKnight*, 493 N.E.2d 775, 777 (Ind.1986). Words and phrases shall be taken in their plain, or ordinary and usual, sense. Ind. Code § 1–1–4–1. When the legislature enacts a statute, we presume it is aware of existing statutes in the same area. *Town of Merrillville v. Merrillville Conservancy Dist. By and Through Bd. of Directors*, 649 N.E.2d 645, 649 (Ind.Ct.App.1995), *trans. denied.* Statutes relating to the same general subject matter are in *pari materia* and should be construed together so as to produce a harmonious statutory scheme. *Indiana Payphone Ass'n, Inc. v. Indiana Bell Telephone Co., Inc.*, 690 N.E.2d 1195, 1199 (Ind.Ct.App.1997), *trans. denied.* However, the rule of construction requiring statutes in *pari materia* to be construed together is only to be applied as an aid in determining the meaning of a doubtful statute; it cannot be invoked where the language of the statute is plain and unambiguous. *McKnight*, 493 N.E.2d at 777.

■ However, where a statute is susceptible to more than one interpretation, it is ambiguous, and the reviewing court must ascertain the intent of the legislative body and interpret the statute to effectuate that intent. *Ad Craft, Inc. v. Board of Zoning Appeals of Evansville*, 693 N.E.2d 110, 114 (Ind.Ct.App.1998), *trans. denied.* Further, we presume that our legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Citizens Action Coalition of Indiana, Inc. v. Indiana Statewide Ass'n of Rural Elec. Cooperatives, Inc.*, 693 N.E.2d 1324, 1327 (Ind.Ct.App.1998). Where statutory provisions are in conflict, no part of a

statute should be rendered meaningless but should be reconciled with the rest of the statute. *Robinson v. Wroblewski,* 704 N.E.2d 467, 474 (Ind.1998). In construing a statute, we will presume that the legislators did not enact a useless provision. *Id.* at 475.

Initially, we observe that if Holmes had brought the wrongful death action more than two years following Henry's death, it would be barred by Ind.Code § 34–23–1–1 regardless of when Henry had discovered the injury. Also, Holmes would be precluded from bringing this action had Henry, "in his lifetime, sued and recovered full compensation for the injuries inflicted." *Clarke,* 152 U.S. at 237, 14 S.Ct. at 580.

We express no opinion regarding whether Holmes's action would be barred if more than two years had transpired between his discovery of the injury and his death. *See N.O. Nelson Mfg. Corp. v. Dickson,* 114 Ind. App. 668, 53 N.E.2d 640 (1944) (holding that wrongful death action can be maintained where decedent's cause of action for the injury which caused the death was barred by the statute of limitations prior to his death); *Wilson v. Jackson Hill Coal & Coke Co.,* 48 Ind.App. 150, 95 N.E. 589 (1911) (holding that wrongful death action was not barred by statute of limitations operating against decedent in his lifetime where decedent lived more than two years after being injured). Regarding the condition that the decedent be entitled to maintain the action had he lived, the *Wilson* court stated that the requirement "plainly relates to the character of the injury without regard to the question of the time of suit or death." *Id.* (quoting *Hoover's Adm'x v. C. & O. Ry. Co.,* 46 W.Va. 268, 33 S.E. 224 (1899)). *See also Clarke,* 152 U.S. at 238, 14 S.Ct. at 580 (holding that personal representative had right of action in Indiana at any time within two years of decedent's death even where death occurred more than a year and a day after the injury).

While we do not necessarily agree with Holmes that the date of Henry's diagnosis has absolutely no bearing upon the wrongful death claim, we need not decide this question. One of the conditions attached to the right to bring such an action is that the decedent "might have maintained an action had he ... lived...." Ind.Code § 34–23–1–1. Clearly, at the time of Henry's death, he might have maintained a personal injury action against the Asbestos Defendants; Henry lived little more than a month following the diagnosis of his cancer. However, the Asbestos Defendants argue that Holmes's claim is barred because, although Henry could have brought the action at the time of his death, he could not have brought it when it was filed by Holmes.

We do not read Ind.Code § 34–23–1–1 to require a wrongful death action to be filed within a time when the decedent might have brought it had he lived. A plain reading of the statute indicates that the time of the decedent's death is determinative of what actions the decedent "might have maintained," not the time the action is ultimately brought. If this were not so, the personal representative would have two full years in which to bring the action only if the decedent was diagnosed and died on the same day.

We turn now to the underlying product liability statute regarding asbestos claims. Holmes asserts that Henry's death is a new injury pursuant to the product liability statute upon which her wrongful death action is based. She argues that the statute of limitations runs anew at the date of death. The statute provides:

(a) A product liability action that is based upon:

(1) property damage resulting from asbestos; or

(2) personal injury, disability, disease, or death resulting from exposure to asbestos;

must be commenced within two (2) years after the cause of action accrues. The subsequent development of an additional asbestos related disease or injury is a new injury and is a separate cause of action.

(b) A product liability action for personal injury, disability, disease, or death resulting from exposure to asbestos accrues on the date when the injured person knows that the person has an asbestos related disease or injury.

Ind.Code § 33–1–1.5–5.5 *repealed and recodified as* Ind.Code § 34–20–3–2.

■ While the cause of action for wrongful death accrues upon the death of the decedent, a product liability action for personal injury accrues when the plaintiff knows or should have discovered his injury or disease. *See Covalt v. Carey Canada, Inc.*, 543 N.E.2d 382, 385 (Ind.1989). Both Holmes and the Asbestos Defendants make much of the placement of the word "death" in Ind.Code § 34–20–3–2. The Asbestos Defendants contend that this statute governs actions such as the one brought by Holmes in that it includes "personal injury, disability, disease, or death." They then argue that the absence of the word "death" from the final clause of Section (a), "an additional asbestos related *disease or injury* is a new injury," is evidence of the legislature's intent that death itself is not a new injury. Ind.Code § 34–20–3–2 (emphasis added). The Asbestos Defendants conclude that Holmes's cause of action therefore accrued when Henry knew that he had an asbestos related disease or injury, not when he died.

■ Asbestos-related product liability actions not based upon property damage may result from personal injury, disability, disease or death, or combinations thereof. Exposure to asbestos may lead to multiple injuries or diseases: asbestosis, mesothelioma, and cancer. *See Larson v. Johns–Manville Sales Corp.*, 427 Mich. 301, 399 N.W.2d 1, 3 (1986). These maladies are separate and distinct and it is possible to be diagnosed with one and later develop another, *see id.* at 8, which would be "a new injury and . . . a separate cause of action." Ind.Code § 34–20–3–2(a). While it is possible to develop a subsequent asbestos-related disease or injury, a person can only die or be disabled from asbestos exposure once. The absence of "disability" and "death" from the second sentence of Ind.Code § 34–20–3–2(a) merely reflects this fact. We conclude that the absence of the word "death" from this clause does not signify whether death can or cannot be a subsequent injury.

■ Likewise, Ind.Code § 34–20–3–2(b), regarding a "product liability action for personal injury, disability, disease, or death," only provides for accrual of an action for an "asbestos related disease or injury," and does not specifically address accrual of an action for "death." Moreover, the action accrues on the date "when the injured person knows" that he or she has an asbestos related disease or injury. An injured person cannot know that he or she is dead, nor can a decedent know that he has "an[other] asbestos related disease or injury."[2] Ind.Code § 34–20–3–2(b). We presume that the legislature was aware of the Wrongful Death Statute when it enacted Ind.Code § 34–20–3–2, and chose not to provide for a different accrual date for wrongful death actions based upon product liability. Because we have the authority and responsibility to interpret the intentions of the legislature by deciding when a cause of action accrues, *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 85 (Ind.1985), we conclude that a product liability cause of action for wrongful death resulting from exposure to asbestos accrues upon the date of death.

The Asbestos Defendants direct us to several cases from other jurisdictions, arguing that these cases hold "that if the underlying claim is barred, any claim that might have been maintained by the personal representative is also barred." Brief of Appellants at 18. In *Grimm v. Ford Motor Co.*, 157 Mich. App. 633, 403 N.W.2d 482 (1986), *appeal denied,* the court held that a wrongful death cause of action had accrued when the underlying product liability cause of action accrued, and was therefore time-barred once the product liability statute of limitations had run even though the claim was timely under the wrongful death statute. *Id.* at 484. Likewise, in *Larson v. Johns–Manville Sales Corp.*, 427 Mich. 301, 399 N.W.2d 1 (1986), the court adopted a discovery rule for asbestosis claims and held that "wrongful death suits premised on asbestosis accrue when the decedents knew or should have known of the asbestosis." *Id.* at 7. The *Larson* court also

---

2. A wrongful death action is not for the benefit of the decedent, but on behalf of the decedent's survivors. Therefore, in a wrongful death action allegedly resulting from exposure to asbestos, it is possible that the phrase "injured person" may not refer to the individual who came into contact with asbestos.

held that subsequent damages, such as a diagnosis of cancer following an earlier diagnosis of asbestosis, "do not give rise to a new cause of action." *Id.* We note that the Michigan wrongful death statute does not contain a limitation period as does the Indiana Wrongful Death Act. *See* Mich. Comp. Laws Ann. § 600.2922; *cf.* Mich. Comp. Law Ann. § 600.5805(8) and (9). Also, in contrast to the holding in *Larson,* Ind.Code § 34–20–3–2 specifically provides for the subsequent development of a new injury.

In *DeCosse v. Armstrong Cork Co.,* 319 N.W.2d 45 (Minn.1982), the Supreme Court of Minnesota held that a wrongful death cause of action brought for an asbestos-related death accrues either upon manifestation of the disease or upon the date of death, whichever is earlier. *Id.* at 52. In that case, the decedent died without having discovered that he had an asbestos-related disease or injury. The court held that because the action was not brought within the three year statutory period for bringing a wrongful death claim, it was barred, and the three year period was not tolled due to the decedent's failure to discover the disease. The court, however, did hold that the limitations period would be tolled if the plaintiff could show that the cause of action had been fraudulently concealed. *Id.* The Asbestos Defendants do not point out that the *DeCosse* court declined to apply a "discovery rule" to determine when the cause of action accrues. *Id.* The court acknowledged that the Minnesota legislature "expressed its intention to bar actions for some deaths caused by wrongful acts or omissions even if they are brought on the day of death." *Id.* at 48. Unlike Holmes's action, the *DeCosse* action was brought beyond the statutory period for wrongful death actions because the alleged true cause of death was not yet discovered on the date of death. We conclude that the *DeCosse* case presents several issues distinct from those before us here, and is not instructive. *But cf. Pastierik v. Duquesne Light Co.,* 341 Pa.Super. 329, 491 A.2d 841 (1985) (holding that discovery rule was applicable to toll limitations period where wrongful death ac-

tion was brought more than three years after decedent's death from asbestos related disease).

The Asbestos Defendants next point to *Thompson v. Communications Technology, Inc.,* 877 F.2d 27 (9th Cir.1989) (applying Oregon law). In that case, the court held that a wrongful death claim based upon product liability was governed by the underlying two year statute of limitations for product liability, not by the three year period governing wrongful death actions.[3] *Id.* at 28. Because the action was brought more than two years, though less than three years, following death, it was barred. The *Thompson* court observed that the Oregon Product Liability Act "specifically refers to actions based on a death." *Id.* However, in Oregon, the limitations period for either a product liability action or a wrongful death action "begins to run when the plaintiff discovers or should have discovered the cause of the injury." *Id.* The *Thompson* court remanded the case with directions to dismiss, but also to grant the plaintiff a reasonable time to amend the complaint to provide an opportunity to allege when the cause of injury was discovered. Therefore, if the plaintiff could establish that the cause of the disease was discovered within two years of filing the wrongful death action, it would not be barred. In Indiana, however, wrongful death actions accrue upon death, not when the cause of injury was discovered. *See Covalt,* 543 N.E.2d at 385. Thus, a wrongful death action brought in Indiana more than two years after the decedent's death is barred, without regard to whether the injury was discovered before or after death. We conclude that the *Thompson* decision is inapplicable to Holmes's situation.

In contrast to the cases set forth by the Asbestos Defendants, cases cited by Holmes, as well as our own research, indicate several jurisdictions holding to the contrary. *See Iida v. Allied Signal, Inc.,* 854 F.Supp. 702 (D.Hawai'i 1994) (holding that wrongful death action brought within two years of date of death from asbestosis but more than two years after diagnosis accrued at the time of death of decedent rather than at the time of

---

**3.** *Thompson* did not involve an asbestos related      disease or injury.

injury); *Matthews v. Celotex Corp.*, 569 F.Supp. 1539 (D.N.D.1983) (holding that statute of limitations for wrongful death began to run at date of decedent's death, where decedent initially brought claim during his lifetime, nearly twelve years after being diagnosed with asbestosis); *Carroll v. W.R. Grace & Co.*, 252 Mont. 485, 830 P.2d 1253 (1992) (holding that wrongful death cause of action for asbestosis accrued at the date of decedent's death not at the date of injury, where decedent had been diagnosed with asbestosis at least seventeen years previously); *Frongillo v. Grimmett*, 163 Ariz. 369, 788 P.2d 102 (App.1989) (holding that statute of limitations for wrongful death begins to run on decedent's death even though statute of limitations for personal injury claim expired prior to death where decedent died six years after automobile accident), *review denied; Reichelt v. Johns–Manville Corp.*, 107 Wash.2d 761, 733 P.2d 530 (1987) (holding that statute of limitations governing spouse's claim for loss of consortium due to husband's asbestosis began to run when she experienced her injury, not when husband knew of his injury).

As noted in one treatise:

As to the defense of the statute of limitations ... the considerable majority of the courts have held that the statute runs against the death action only from the date of death, even though at that time the decedent's own action would have been barred while he was living. Only a few courts hold that it runs from the time of the original injury, and consequently that the death action *may be lost before it has ever accrued.*

W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 127 at 955 & nn. 35, 36 (5th Ed.1984) (emphasis added).

The Asbestos Defendants contend that the statute of limitations for product liability should govern wrongful death actions just as the statute of limitations for medical malpractice is applicable to wrongful death.

In *Community Hospital*, our supreme court determined the relationship between the Medical Malpractice Act, Ind.Code § 27–12–1–1, *formerly* Ind.Code § 16–9.5–1–1, *repealed and recodified as* Ind.Code § 34–18–

1–1 *et seq.*, and the Wrongful Death Statute. *Community Hosp.*, 493 N.E.2d at 776. The court held that a person pursuing a claim for medical malpractice, which involves a patient's death, need not first be appointed personal representative in accordance with the Wrongful Death Statute. *Id.* at 777. This holding was based upon the court's conclusion that the Medical Malpractice Act unambiguously designated that a "representative" of the patient, including spouse, parent, guardian, or attorney, was authorized by the statute to bring an action for bodily injury or death. *See* Ind.Code §§ 34–18–2–25 and 34–18–8–1.

Three months after *Community Hospital* was decided, this court handed down an opinion in *Frady v. Hedgcock*, 497 N.E.2d 620 (Ind.Ct.App.1986), *trans. denied.* In *Frady*, the husband filed a wrongful death claim based on medical malpractice against his wife's physician. The trial court granted summary judgment in favor of the physician. This court extended *Community Hospital* and held that "the statute of limitations for the Medical Malpractice Act is applicable instead of the time period imposed for wrongful death actions." *Id.* at 622. Accordingly, "an action for wrongful death based upon medical malpractice must be filed within two years of the date of the alleged act, omission or neglect, not within two years of the date of the death." *Id.* (internal quotation omitted). The Asbestos Defendants ask that we extend the holding in *Frady* to apply to a wrongful death action based upon product liability. We decline to do so.

The Medical Malpractice Act is not analogous to the product liability statute regarding asbestos claims. The former is a comprehensive scheme defining who can bring a malpractice action against whom, and controlling how the action proceeds. A medical malpractice claim under Ind.Code § 34–18–1–1 et seq. may only be filed by a patient or representative against a qualified health care provider, Ind.Code § 34–18–3–1, must be submitted to a medical review panel, Ind. Code § 34–18–8–4, and is subject to certain preliminary rulings and discovery, Ind.Code § 34–18–11–1. In addition, health care providers covered by the act are required to

**44**

maintain malpractice insurance coverage, Ind.Code § 34–18–13–1, available damages are limited, Ind.Code § 34–18–14–3, with excess damages being compensated by the patient compensation fund, Ind.Code § 34–18–15–3. More to the point, medical malpractice actions are subject to a two-year occurrence based statute of limitations, *see* Ind.Code § 34–18–7–1; *Cacdac v. Hiland,* 561 N.E.2d 758 (Ind.1990), rather than the two-year discovery based statute of limitations applicable to product liability claims.

The comprehensiveness of the medical malpractice act is evidence of the legislature's intent that it should prevail over the more general wrongful death statute. We cannot, however, make the same presumption regarding the product liability statute. As such, we decline to extend the reasoning of *Community Hospital* to asbestos product liability actions.

We hold that a product liability claim for wrongful death resulting from an asbestos related disease or injury accrues upon the date of death of the decedent. Because Holmes's cause of action for Henry's death accrued on the date of his death, it was not barred by the time period imposed by the wrongful death statute and was timely filed. In so holding, we avoid "the anomaly of an action being barred before the cause of action even arose." *In re Johns–Manville Asbestosis Cases,* 511 F.Supp. 1235 (N.D.Ill. 1981).

We reverse.

STATON, J., and KIRSCH, J., concur.